

Justin D. Ward
+1 617 570 1499
JWard@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA  02210

goodwinlaw.com
+1 617 570 1000

December 26, 2023

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 105
New York, NY 10007

**Re:    *Alta Partners, LLC v. Forge Global Holdings, Inc.*, Case No. 1:23-cv-2647-JMF**

Dear Judge Furman:

We write on behalf of Defendant Forge Global Holdings, Inc. ("Forge") in response to the discovery letter filed by Plaintiff Alta Partners, LLC ("Alta") on December 20, 2023. (*See* ECF No. 29 (the "Alta Letter").)  As Forge explained in its in initial motion to dismiss in May, and again in its renewed motion in July, the PSLRA discovery stay applies to this case because Alta has brought claims under the Securities Act of 1933 (the "Securities Act").  (*See* ECF No. 16 at 8; ECF No. 23 at 8.)  After sitting idle for months, Alta has now resurfaced to demand that discovery begin immediately.  The Court should deny Alta's request, which is both untimely and meritless.

Section 3(E) of the Court's Individual Practices requires that discovery disputes be filed "promptly."  Instead, Alta acquiesced to the discovery stay for months, thereby waiving the issue.  Alta has known Forge's position on the PSLRA discovery stay since May and chose not to challenge it at that time.  (*See* ECF No. 16 at 8.)  Alta first raised the issue with Forge on November 20; then, after the parties reached an impasse on December 1, Alta waited another 19 days to file its letter.  Alta offers no explanation for these delays.  That alone warrants denial of Alta's request.

Even if timely, Alta's request is meritless.  The PSLRA provides for a broad stay of discovery in securities actions during the pendency of any motion to dismiss:

> In ***any*** private action arising under this subchapter [*i.e.*, the Securities Act], ***all*** discovery and other proceedings ***shall*** be stayed during the pendency of ***any*** motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1) (emphasis added).  An identical provision applies to actions under the Securities Exchange Act of 1934 (the "Exchange Act").  *See* 15 U.S.C. § 78u-4(b)(3)(B).

Decisions in this Circuit interpret the statute according to its "crystal clear," "mandatory prose," *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022), holding that the PSLRA discovery stay applies: (1) to "any" action under the Securities Act or Exchange Act, even if state law claims are also pleaded;[1] (2) to individual actions as well as class

---

[1] *See Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, 2012 WL 3553052, at *2 (S.D.N.Y. Aug. 17, 2012) (rejecting argument "that the stay does not apply with respect to those defendants against whom they have raised



The Honorable Jesse M. Furman
December 26, 2023
Page 2

actions;[2] and (3) to "any" motion to dismiss, even one involving fewer than all claims or parties.[3]

On its face, the statute applies here. Alta has chosen to assert claims under the Securities Act, and Forge has filed a motion to dismiss. Thus, discovery "shall" be stayed unless Alta can show "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 77z-1(b)(1). Alta has not even attempted to do so. *See, e.g.*, *Gruber v. Gilbertson*, 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017) (stay not lifted where "Plaintiffs fail . . . to articulate the exceptional circumstances under which they would suffer undue prejudice").

Instead of addressing what the statute actually says, Alta makes various policy arguments that, it claims, supposedly favor an exception in this case. Alta argues that the PSLRA was designed to curb abusive and frivolous securities class actions, and that this case does not meet that description. (Alta Letter at 2.) But "the mere fact that the PSLRA's goals would not be frustrated ... is not sufficient to warrant lifting the stay." *Mangrove Partners*, 2020 WL 7335313, at *5; *accord* *380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007). Alta's arguments also run afoul of the well-established rule that "[w]here Congress explicitly enumerates certain exceptions ... additional exceptions are not to be implied, in the absence of contrary legislative intent." *Pierre v. Holder*, 738 F.3d 39, 58 n.13 (2d Cir. 2013). Congress provided only one, narrow exception to the stay, which does not apply here. If Alta believes there should be further exceptions, its remedy is to petition Congress to revise the statute, not to attempt to circumvent the statute as written. *See 380544 Canada*, 2007 WL 2049738, at *5 (declining to expand exception because "the Court refuses to second-guess Congr[e]ss").

Alta's sole support is *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001). *Tobias Holdings* reasoned that the phrase "any private action arising under" is "ambiguous" in securities cases where diversity of citizenship provides an independent basis for jurisdiction over state law claims. *Id.* at 165. Based on that purported ambiguity, *Tobias Holdings* crafted a policy-driven exception to the stay where (i) the complaint brings both state and federal

---

solely state law claims pursuant to this Court's diversity jurisdiction"); *Gardner v. Major Auto. Companies*, 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012) ("most courts in this Circuit have held that the automatic stay provisions of the PSLRA extend to state securities claims and non-securities claims brought in actions involving federal securities claims"); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) ("The PSRLA stay is not limited to discovery related to securities claims. Rather, the stay applies to 'all discovery' in any 'action' under the PLSRA's purview, regardless of whether non-securities claims are alleged."); *In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (concluding state law derivative claims fell within scope of PSLRA stay).

[2] *See Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*, 2020 WL 7335313, at *2 (S.D.N.Y. Dec. 14, 2020) ("a plaintiff suing on behalf of itself alone suffers no greater limitations and enjoys no greater rights to pre-motion discovery under the PSLRA than a plaintiff suing on behalf of others").

[3] *See Altimeo*, 2022 WL 1663560, at *1 (the PSLRA's "categorical language does not leave room for the argument that discovery may proceed where some, but not all defendants have moved to dismiss"); *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (despite "compelling policy arguments for permitting discovery to resume after some claims have survived an earlier motion to dismiss," "this Court is not at liberty to rewrite the statute to reflect a meaning [it] deem[s] more desirable.").



The Honorable Jesse M. Furman
December 26, 2023
Page 3

claims; (ii) diversity jurisdiction is available; (iii) the state claims are "separate and distinct"; and (iv) the purposes of the PSLRA are otherwise not offended.  *See id.* at 165-66.

Even if *Tobias Holdings* were good law (and it is not), its exception would not be available here, because Alta's state law claims are not "separate and distinct" from its Securities Act claims. Alta's state claims allege that Forge adopted an incorrect interpretation of the Warrant Agreement; Alta's Securities Act claims allege, for the same reasons, that Forge's SEC filings misled investors about the Warrant Agreement.  (*See, e.g.*, Am. Compl. ¶¶ 87, 101, 108, 114, 118-153.)

More importantly, *Tobias Holdings* has been recognized in this Circuit as an "outlier" that "[o]ther courts . . . generally have not followed."  *Union Cent.*, 2012 WL 3553052, at *3. That is because, at every step, *Tobias Holdings'* analysis was wrong.  The phrase "any private action arising under" is not ambiguous when read in context:  the PSLRA requires that "***all*** discovery" in the entire "action"—not just some discovery on some claims—be stayed.  15 U.S.C. § 77z-1(b)(1).  Nothing in the PSLRA warrants dividing one "action" into two separate parts, staying discovery in one part and not the other.  *See Gardner*, 2012 WL 1230135, at *4 ("[T]he PSLRA stay provision expressly applies to federal securities *actions* (not claims) arising under the Exchange Act.").  Even if there were an ambiguity, *Tobias Holdings*' exception does not resolve that ambiguity in any sensible way and finds no support in legislative history.  *Trump Hotel*, 1997 WL 442135, at *2 ("There is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims."). As one decision rejecting *Tobias Holdings* explained:

> the discovery stay also applies to plaintiffs' state law diversity claims. Where, as here, a private action arises under the federal securities laws, the PSLRA plainly calls for a stay of "*all* discovery and other proceedings," with no exception carved out for situations also involving non-fraud claims grounded in diversity jurisdiction. Accordingly, this Court respectfully disagrees with the reasoning set forth in *Tobias* and, like the court in *Trump Hotel*, finds that the text of the PSLRA supports a stay of discovery as to each of plaintiffs' claims.

*Gardner*, 2012 WL 1230135, at *5 (citations omitted).  Decisions outside the Second Circuit have likewise rejected *Tobias Holdings*' reasoning.[4]  Alta suggests that these decisions merely distinguished *Tobias Holdings* (*see* Alta Letter at 3), but that cannot be squared with the text of these decisions as quoted above.  The Court should similarly reject the reasoning of *Tobias Holdings* and deny Alta's request.

---

[4] *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *3 (D. Haw. July 3, 2019) ("Other district courts in the Ninth Circuit have examined the decision in *Tobias* and have criticized its reasoning."); *In re Gas Natural, Inc.*, 2014 WL 12591691, at *3 (N.D. Ohio Apr. 3, 2014) ("*Tobias Holdings* is an outlier that other courts have generally declined to follow."); *Jayhawk Cap. Mgmt., LLC v. LSB Indus., Inc.*, 2009 WL 10743508, at *2 (D. Kan. May 20, 2009) ("The court finds the cases cited by defendants more persuasive than *Tobias Holdings*.").



The Honorable Jesse M. Furman
December 26, 2023
Page 4


Respectfully submitted,

*/s/ Justin D. Ward*

Justin D. Ward


cc:     All Counsel of Record (via ECF)


Given the plain language of the statute, the Court is inclined to agree with Defendant that discovery must be stayed.  In any event, to the extent that the Court has discretion, it concludes that discovery should remain stayed until the motion is resolved.  Accordingly, Plaintiff's letter motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

December 28, 2023